IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS JOHN WUNDER,

                                    ORDER

           Petitioner,

                                08-cv-735-bbc

     v.

CAROL HOLINKA,
Warden, FCI-Oxford,

           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Petitioner Thomas John Wunder is a prisoner confined at the Federal Prison Camp in Oxford, Wisconsin. He has filed a pleading styled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paid a $5 filing fee. In the petition, petitioner asks this court to find that his equal protection rights are being violated because the Bureau is considering prisoners convicted of violations of 18 U.S.C. § 922(g) who reside within the jurisdiction of the Court of Appeals for the Ninth Circuit eligible for early release consideration upon successful completion of the Residential Drug Abuse Program as permitted by 18 U.S.C. § 3621, but not prisoners confined in other circuits who are not subject to the Ninth Circuit's decision in Arrington v. Daniels, 515 F.3d 1106 (9th Cir.

1

2008). Petitioner asks for an order directing the Bureau of Prisons to apply the decision in Arrington to him should he successfully complete the Residential Drug Abuse Program.

There are two problems with petitioner's petition. First, he admits in his petition that when he learned that the Bureau of Prisons will not apply the ruling in Arrington beyond persons confined in the Ninth Circuit, he declined to participate in the Residential Drug Abuse Program. Therefore, any claim he may have that he has been treated differently from persons in the Ninth Circuit who have participated in the program is not ripe.

Second, petitioner's claim is not properly raised in a habeas corpus action under § 2241. Section § 3621(e) permits but does not compel early release. Bush v. Pitzer, 133 F.3d 455 (7th Cir. 1997). Therefore, in Richmond v. Scibana, 387 F.3d 602, 605 (7th Cir. 2004), the court of appeals held that §2241 is not an appropriate vehicle in which to raise a challenge to the Bureau of Prisons' interpretation of the provisions in § 3621, because a decision in the petitioner's favor will not automatically entitle him to any change in the duration of his confinement. The court reasoned that habeas corpus is reserved solely for those claims in which the prisoner's success would entitle him to release from custody or to a shorter period of confinement. E.g., Hill v. McDonough, 126 S. Ct. 2096, 2101 (2006) (habeas is appropriate vehicle when judgment in prisoner's favor would "necessarily imply" that conviction was invalid).

In this case, if petitioner were to complete the Residential Drug Abuse Program, he

2

might be entitled him to an order requiring the Bureau of Prisons to *consider* his eligibility for an early release, but he would not be entitled to release from custody altogether or to a shortening of the length or duration of his sentence. Thus, his claim does not fit under habeas corpus.

Petitioner appears to be aware that he is free to sue an agency under the Administrative Procedures Act if he believes the agency has violated the Constitution. Under 5 U.S.C. § 706(2)(B), district courts have authority to "hold unlawful and set aside agency action, findings, and conclusions" that are "contrary to constitutional right, power, privilege, or immunity." In addition, this court can consider under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 petitioner's claim that the Bureau of Prisons is depriving him of his Fourteenth Amendment right to equal protection under the law. Therefore, if petitioner completes the Residential Drug Abuse Program and intends to pursue his claim, he is free to file his case as a civil action subject to the 1996 Prison Litigation Reform Act. I express no opinion whether such an action would survive screening under 28 U.S.C. § 1915A.

ORDER

IT IS ORDERED that this petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is DISMISSED for petitioner's failure to show that he is in custody in

3

violation of the Constitution or laws of the United States.

Entered this 27th day of January, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4